IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN RICHARD MILLER,                                   CV. 08-620-MA

        Petitioner,                                OPINION AND ORDER

  v.

MARK NOOTH,

        Respondent.


Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon, 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254.  For the reasons set forth below, the petition is denied and this proceeding is dismissed, with prejudice.

**BACKGROUND**

On February 22, 2002, a grand jury returned an indictment charging petitioner with Attempted Murder, Attempted Assault in the First Degree, Unlawful Use of a Weapon, Driving While Under the Influence of an Intoxicant, and Criminal Mischief in the Second Degree.  Prior to trial, the prosecution dismissed the Attempted Assault and Unlawful Use of a Weapon counts.

At trial, multiple witnesses testified to the events leading up to the altercation between petitioner and the victim, Clayton Graham.  Marie Taylor, Louise Weekly, Steve Dean, and Phyllis Miller all testified to Clayton Graham's violent nature.  These same witnesses testified that petitioner had been drinking prior to the incident.

According to Clayton Graham, petitioner approached him in a Chevy Blazer, with David Lawson in the passenger seat of the vehicle.  Lawson pointed a rifle at Graham.  Graham grabbed the rifle and they struggled.  During the struggle, petitioner pointed a pistol in Graham's direction and began firing.  Graham ran from the vehicle toward several business.  Witnesses testified that, as Graham ran away from the vehicle, the driver of the Blazer (petitioner) continued to shoot in Graham's direction.  Terri

Knight, an employee at the local hotel, later heard the driver of the vehicle say "Fuck, I was aiming right at him."

Deputy Phillip Cicero arrested petitioner several hours after the incident. Deputy Cicero testified that petitioner stated to him: "I'm going to kill this mother-fucker and I'm sorry that I missed." Deputy Cicero took a taped statement from petitioner wherein petitioner again stated his intent to kill Graham. Resp. Exh. 124. Petitioner's blood alcohol level was taken approximately five hours after the incident and was .26 percent, over three times the legal limit.

Petitioner's defense focused on petitioner's lack of intent to kill Graham. Dr. James Harper, a psychologist, testified that petitioner suffers from alcohol abuse, a personality disorder, and depression; and that these disorders played a substantial role in petitioner's behavior.

Petitioner testified that he had been drinking the day of the incident; that when he stopped his vehicle to talk to Graham, Graham attacked Lawson; and that he fired his pistol in order to scare Graham away. Petitioner testified that he thought he would be charged with discharging a weapon in public, not Attempted Murder.

3 -- OPINION AND ORDER

At the conclusion of the 2-day trial, petitioner was convicted by the jury, by a count of ten to two,[1] of Attempted Murder, Driving Under the Influence of Intoxicants, and Criminal Mischief in the Second Degree. Petitioner was sentenced to a mandatory 90-month term of imprisonment.

Petitioner filed a <u>Balfour</u> brief with the Oregon Court of Appeals containing no assignments of error. The Oregon Court of Appeals affirmed. <u>State v. Miller</u>, 191 Or. App. 653, 86 P.3d 118 (2004). No petition for review was filed with the Oregon Supreme Court.

Petitioner sought state post-conviction relief alleging multiple claims of ineffective assistance of trial and appellate counsel. The post-conviction court denied relief. On appeal, petitioner raised one assignment of error--that trial counsel was ineffective for failing to adequately explain to petitioner the merits of requesting a lesser-included offense instruction of Attempted Assault in the First Degree. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. <u>Miller v. Hill</u>, 217 Or. App. 511, 178 P.3d 341, <u>rev. denied</u>, 344 Or. 390 (2008).

---

[1] After the trial, one of the jurors who voted to convict petitioner wrote a letter to the trial judge expressing regret over the decision. Petitioner's Exh. A. The letter was the subject of a successive post-conviction proceeding which was voluntarily dismissed by petitioner. <u>See</u> Resp. Exhs. 132-34.

**DISCUSSION**

I.  **Procedurally Defaulted Claims**.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. <u>Jackson v. Roe</u>, 425 F.3d 654, 657-58 (9th Cir. 2005); 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. <u>Casey v. Moore</u>, 386 F.3d 896, 915-16 (9th Cir. 2004), <u>cert. denied</u>, 545 U.S. 1146 (2005); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

Respondent moves to deny habeas relief as to grounds for relief one, two, and three on the basis that they were not raised on appeal from the denial of post-conviction relief. Petitioner offers no argument to the contrary. Accordingly, habeas relief is denied as to these grounds on the basis that they are procedurally defaulted.

II.  **The Merits**.

In ground for relief four, petitioner alleges that trial counsel was ineffective for failing to properly and fully explain the ramifications of failing to request a lesser-included-offense jury instruction. Petitioner argues that trial counsel "misunderstood how the law would apply to the facts of the case"

5 -- OPINION AND ORDER

and, consequently, "could not adequately explain to [petitioner] his choices, thus depriving [him] of the ability to participate in his own defense." Pet. Memo. at 1.

In his post-conviction deposition, petitioner testified that trial counsel discussed the option of including an Assault in the First Degree jury instruction "right when the jury was ready to start deliberations." Petitioner explained that he believed that if the jury was instructed on a lesser included offense, he could be convicted of *both* Attempted Murder and the lesser included offense:

> [W]hen [counsel] asked me, did I want the judge to read the instructions to the jury for assault one also, I didn't understand what the implication was. I thought that – I didn't realize that it would have been on [a] lesser charge and attempted murder would have been dropped off the ballot there. But um, I was assuming that that was going to be added on, so they could get me for attempted murder and assault one.

Resp. Exh. 118 at 18.

In an affidavit submitted at the post-conviction court proceeding, trial counsel attested that she and petitioner made a tactical decision to take an "all of nothing" approach:

> To the best of my recollection, I believe that we discussed the possibility of having the "lesser-included" charges read to the jury with Mr. Miller, but decided we wanted to go for an "all or nothing" approach and opted just to proceed to deliberations with the charges of Attempted Murder, DUII, and Criminal Mischief in the Second Degree.

Resp. Exh. 120 at 3.

6 -- OPINION AND ORDER

At the conclusion of the post-conviction court trial, the judge resolved this factual discrepancy, concluding that the decision not to instruct the jury on the lesser included offenses was "jointly made by the petitioner and counsel." Additionally, the judge opined that the decision did not amount to ineffective assistance of counsel:

> The Court can understand that. That's not something that rises to the level of ineffective assistance of counsel. That's rather the art of practicing law. I've seen it work both ways as a trial judge and attorney. It's kind of rolling the dice. That's what they chose to do.

Resp. Exh. 125 at 8.

In the instant proceeding, petitioner contends that trial counsel "pursued an incoherent and objectively unreasonable defense 'strategy' that deprived [him] of his only viable defense and denied him the ability to participate in his defense." Pet. Memo. at 10. Respondent, in contrast, argues that counsel made a *reasonable tactical decision* to force the jury to find petitioner guilty of Attempted Murder or acquit him outright.

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987).

7 -- OPINION AND ORDER

Under the first prong of Strickland, "[t]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance which, under the circumstances, might be considered sound trial strategy." United States v. Span, 75 F.3d 1383, 1387 (9th Cir. 1996). A defense counsel's decision not to request a jury instruction is not constitutionally ineffective if the decision is made "with adequate knowledge of the law and the evidence," i.e., the choice is deliberate, reasonable and not the result of a misunderstanding of the law. See Id. at 1390; Butcher v. Marquez, 758 F.2d 373, 376-77 (9th Cir. 1985); Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir.), cert. denied, 469 U.S. 838 (1984). The fact that the strategy proves incorrect, is not a basis for finding ineffective assistance of counsel. Basher, 730 F.2d at 1241; Strickland, 466 U.S. at 689.

Petitioner has failed to demonstrate that trial counsel's decision not to request a jury instruction on a lesser included offense was an unreasonable trial strategy. The fact that such an instruction may have been supported by the evidence, does not mean that counsel's decision not to request it was unreasonable or based upon a misunderstanding of the law. Rather, given petitioner's defense that he did not intend to kill Graham, and the state's decision to drop the Assault and Unlawful Use of a Weapon charges, the record supports the post-conviction court's conclusion that counsel's decision not to request a lesser included offense

8 -- OPINION AND ORDER

instruction was a strategic one, intended to force the jury to choose between conviction on the Attempted Murder charge or outright acquittal.

Further, petitioner offers no evidence to rebut the post-conviction court's factual conclusion that this was a "joint" decision between petitioner and counsel. Petitioner's bare assertion that he did not understand the implication of not instructing the jury on Attempted Assault does not suffice to demonstrate that trial counsel was deficient in her discussions with petitioner, particularly in the absence of some evidence that trial counsel's tactical decision was unreasonable or premised upon a misunderstanding of the law.

Based on the foregoing, the state courts' rejection of petitioner's ineffective assistance of counsel claim is not contrary to, or an unreasonable application of, clearly established federal law; nor is it based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, habeas relief is not warranted.

///
///
///
///

9 -- OPINION AND ORDER

## CONCLUSION

Petitioner's petition for a writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _15_ day of October, 2009.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge